UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) MHD HUSAM ALMUNAKL, Alien # 210 206 705, <br><br>  Petitioner, <br><br> vs. <br><br> 1) KIRSTJEN NIELSEN, in her official capacity as Secretary of the U.S. Department of Homeland Security; <br><br> 2) L. FRANCIS CISSNA, in his official capacity as Director of U.S. Citizenship and Immigration Services; <br><br> 3) LISA KEHL, in her official capacity as District Director of the Dallas District Office, U.S. Citizenship and Immigration Services; and, <br><br> 4) BRUCE PAULIN, in his official capacity as Director of the Oklahoma City, Oklahoma Field Office, U.S. Citizenship and Immigration Services. <br><br>  Respondents. | Case No. **18-cv-566-JED-FHM** |

**PETITION FOR DE NOVO REVIEW PURSUANT TO 8 U.S.C. § 1421(c)**

Petitioner Mhd Husam Almunakl seeks *de novo* review by this Honorable Court of a final decision of the United States Citizenship & Immigration Service ("USCIS"). In support thereof, Petitioner states as follows:

1. Petitioner is a Syrian citizen who has been a legal permanent resident since July 1, 2013. Petitioner is married to a U.S. citizen, Reem

Hussam Chammout, and has been married to that U.S. citizen for more than three years.

2. Petitioner has been a resident of the State of Oklahoma and of this District at relevant times.

3. Respondent Kirstjen Nielsen is the Secretary of the U.S. Department of Homeland Security ("DHS"), which encompasses CIS. Ms. Nielsen is ultimately responsible for the administration of all immigration and naturalization laws, including the processing and adjudication of applications for naturalization. She is sued only in her official capacity.

4. Respondent L. Francis Cissna is the Director of the United States Citizenship and Immigration Services (USCIS) who is sued only in his official capacity, as well as his successors and assigns. The USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, DC 20529. The USCIS is assigned the adjudication of citizenship applications. He is sued in his official capacity.

5. Respondent Lisa Kehl is the District Director of the USCIS Dallas District Office and she is sued only in her official capacity, as well as her successors and assign. The Dallas District Office is located at 6500 Campus Circle Drive, East Irving, TX 75063. Respondent Kehl is charged with the supervision and direction of the CIS Field Office in Oklahoma City, Oklahoma. She is sued in her official capacity.

6. Respondent Bruce Paulin is the Officer in Charge of the CIS Field Office in Oklahoma City, Oklahoma who is sued only in his official capacity. Respondent Paulin is charged with the direction and operation of the Oklahoma City, Oklahoma CIS Field Office.  He is sued in his official capacity.

7. Respondents are responsible for the grant and denial of naturalization applications filed within the Oklahoma City Field Office, pursuant to 8 U.S.C. § 1421, 8 U.S.C. § 1427, 8 C.F.R. § 310.2 and 8 C.F.R. § 316.3.

8. This Court has jurisdiction of this action pursuant to 8 U.S.C. § 1421(c) and 28 U.S.C. § 2201.

9. Venue is proper in the Northern District of Oklahoma as Petitioner resides in this District.

10. Petitioner filed an N-400 Application for Citizenship on April 6, 2016.  He appeared for interview on his citizenship application on November 27, 2017.

11. On January 18, 2018, Respondents denied Petitioner's N-400. Copy attached as Exhibit A.  In its denial, Respondents noted correctly that in order to be eligible for citizenship, he had to show that he was a person of Good Moral Character. Respondents stated that since Petitioner was convicted under Tulsa Municipal Ordinance Title 27, Section 500 Outraging Public Decency, he had been convicted of a Crime of Moral Turpitude and that he was thus ineligible to naturalize at this time.

12. On February 22, 2018, Petitioner filed a timely N-336 Request for Hearing on said denial and paid the required filing fee. Petitioner appeared for a hearing on his N-336 application on May 1, 2018. At his hearing, Petitioner submitted evidence and testimony that he had only gone to meet the prostitute as a result of a prank pulled on him by a coworker. Petitioner also submitted affidavits in support of his upstanding moral character, and an affidavit from his wife corroborating Petitioner's statements to both the police and to USCIS.

13. On July 5, 2018, CIS denied Petitioner's administrative appeal. Copy attached as Exhibit E. Respondents stated that the question of whether Tulsa Municipal Ordinance Title 27, Section 604 is a Crime of Moral Turpitude, the original basis of denial was vacated. However, Respondents also stated that Petitioner's conviction under Tulsa Municipal Ordinance Title 27, Section 604 and inconsistent statements to interviewing USCIS officers were negative equities that outweighed the positive equities submitted by Petitioner in his N-336 Appeal. Thus, Respondents stated he was ineligible to naturalize.

14. This petition timely followed.

**DE NOVO REVIEW PURSUANT TO 8 U.S.C. § 1421(C)**

15. Petitioner has exhausted all administrative remedies.

16. The statutory authority for this Honorable Court to conduct a *de novo* hearing and to make its own findings of fact and conclusions of law concerning the naturalization application is found at 8 U.S.C. § 1421(c).

17. The statute states:

(c) Judicial review.  A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(c).

18. Petitioner desires a judicial determination of his naturalization application and a declaration that he is entitled to be naturalized as a citizen of the United States.

19. Pursuant to 8 U.S.C. § 1421(c), Petitioner requests a hearing de novo on his naturalization application and that the Court issue its own findings of fact and conclusions of law.

20. If he prevails, Petitioner will seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

WHEREFORE, Petitioner Mhd Husam Almunakl prays that:

A. The Court will hear Petitioner's case and render a *de novo* judgment that he is entitled to be naturalized; and,

B. The Court grant such further relief that it deems proper and just; and,

C. The Court award attorneys fees and costs according to law.

Respectfully submitted,

LAW OFFICES OF DEAN FOOTE, PLC

***/s/  Dean Foote***
Law Offices of Dean Foote, PLC
Dean B. Foote OBA #18556
7615 East 63rd Place, Ste. 215
Tulsa, OK 74133
918-317-8137 phone
918-317-8138 facsimile
**dean@thefirm-tulsa.com**

and

HACKING LAW PRACTICE, LLC.

James O. Hacking, III
10900 Manchester Road, Suite 203
St. Louis, MO 63119
Phone: (314) 961-8200
Fax: (314) 961-8201
jim@hackinglawpractice.com

ATTORNEYS FOR PETITIONER